UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KATHERINE POWER,<br><br>   Plaintiff<br><br>V.<br><br>PRUDENTIAL INSURANCE CO. OF<br>AMERICA & DIGITAL EQUIPMENT CORP.<br>GROUP LONG TERM DISABILITY PLAN,<br>aka, HEWLETT-PACKARD CO. GROUP<br>LONG TERM DISABILITY PLAN,<br><br>   Defendants | CIVIL ACTION NO.<br><br>**05-40069**<br><br>RECEIPT # 404562<br>AMOUNT $ 250.00<br>SUMMONS ISSUED ✓<br>LOCAL RULE 4.1 ✓<br>WAIVER FORM ✓<br>MCF ISSUED ✓<br>BY DPTY. CLK. _____<br>DATE 5-6-05 |

**COMPLAINT**

**INTRODUCTION**

1. Plaintiff, Katherine Power ("Ms. Power"), brings this action against Defendants, Defendants, Prudential Insurance Company of America ("Prudential") and the Digital Equipment Corporation Group Long Term Disability Plan, aka, Hewlett-Packard Company Group Long Term Disability Plan ("Plan") (collectively referred to as "Defendants") for violation of the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et. seq.* ("ERISA"). Ms. Power is a participant in an ERISA welfare benefit plan that was issued to Digital Equipment Corporation ("Digital"), and underwritten and insured by Prudential. The Group Policy number is 19100.

2. This Complaint challenges the Defendants': 1) unreasonable and unlawful denial of Ms. Power's long term disability ("LTD") income benefits despite the

1

substantial medical evidence demonstrating Ms. Power's qualifications for said benefits; 2) pattern of rejecting and/or ignoring the substantial evidence supporting Ms. Power's total disability pursuant to the terms of the Plan; 3) failure to provide Ms. Power with a full and fair review of her claim; and 4) failure to provide a reasonable claims procedure that would yield a decision on the merits of Ms. Power's claim.

3. Ms. Power is filing this action to recover benefits due under the Plan, to enforce the present rights existing therein, to clarify rights under the terms of the Plan, and to recover costs and attorneys' fees as provided by ERISA.

## JURISDICTION

4. This court has personal and subject matter jurisdiction over this case under 29 U.S.C. 1132(e)(2) and (f), without regard to jurisdictional amount or diversity of citizenship, in that the Plan is administered in this district.

## PARTIES

5. Ms. Power is a 44-year-old individual who currently resides in Leicester, Massachusetts. Ms. Power is a vested participant in an employee benefit plan, within the meaning of 29 U.S.C. § 1002(2)(7). Ms. Power has standing to bring this action under 29 U.S.C. § 1132(a).

6. Prudential Life Insurance Company of America ("Prudential") is a for-profit corporation with its principal place of business at 751 Broad Street, Newark, New Jersey, 07102-3777. Prudential transacts business in Massachusetts and insures and underwrites the Plan under which Ms. Power is suing. Prudential is the party

responsible for processing claims made under the Plan and making a final determination as to Plan participants' eligibility for LTD benefits.

7. At all times relevant to the claims asserted in this Complaint, Prudential purported to act as an ERISA claims fiduciary with respect to participants of the Plan, generally, and specifically, with respect to Ms. Power, within the meaning of ERISA.

8. The Plan under which Mc. McQuade is suing is a "long term disability plan" issued by Prudential and maintained continuously thereafter by Prudential. The Group Policy Number is 19100.

## STATEMENT OF FACTS

**Insurance Entitlement, Definitions of Disability, Discretion**

9. At the time she became disabled under the terms of the Plan, Ms. Power was employed at Digital Equipment Corporation ("Digital").

10. As an employee of Digital, Ms. Power was entitled to LTD benefits under a contract of insurance between Digital and Prudential.

11. Prudential both funds and administers the Plan under which Ms. Power is suing.

12. Under the terms of the Plan, neither Prudential nor Digital has discretionary authority to determine a claimant's eligibility for LTD benefits and to interpret the terms and provisions of the Plan.

13. Under the terms of the Plan, Ms. Power is entitled to receive 60% of her monthly earnings per month.

14. The Plan provides for the payment of LTD benefits when an insured person becomes totally disabled. Total Disability is defined under the terms of the Plan

in the following manner:

"Total Disability" exists when Prudential determines that all of these conditions are met:

(1) Due to Sickness or accidental injury, both of these are true:

    (a) You are not able to perform, for wage or profit, the material and substantial duties of your occupation;

    (b) After the Initial Duration of a period of Total Disability, your are not able to perform for wage or profit the material and substantial duties of any job for which you are reasonably fitted by your education, training or experience. The Initial Duration is shown in the Schedule of Benefits.

(2) You are not working at any job for wage or profit.

(3) You are under the regular care of a Doctor.

15. The "Initial Duration" is defined in the Schedule of Benefits as "The Elimination Period plus 24 months."

16. The Elimination Period is defined as "the first 26 weeks of continuous Total Disability."

17. The policy contains a "Benefit Limitation", defined as follows:

The Section applies if your Total Disability, as determined by Prudential, is caused at least in part by a mental, psychoneurotic or personality disorder (including alcoholism and drug abuse)

In that case, benefits are not payable for your Total Disability for more than 24 months. There are these exceptions if you remain Totally Disabled at the end of the twenty-four month for which benefits are payable:

(1) If you are Confined in a Hospital for one or more of the causes above at the end of the twenty-four month the following will apply. While you remain Totally Disabled, benefits are payable for the duration of that Confinement and, unless 2) below applies, for up to three additional months after your Confinement ends.

4

    a. If, after the twenty-fourth month, you become Confined in a hospital for one or more of the causes above for at least 14 consecutive days, the following will apply. While you remain Totally Disabled, benefits are payable for the remaining duration of that Confinement and for up to three additional months after your Confinement ends.

But, benefits are not payable for more than the Maximum Benefit Duration.

"Confined" or "Confinement" as used in this Section means a Hospital stay of at least 8 hours per day.

"Hospital" means an institution that meets either of these two tests:

(1) It is accredited as a hospital under the Hospital Accreditation Program of the Joint Commission on Accreditation of Hospitals.

(2) It is legally operated, is supervised by a staff of Doctors, has 24 hour a day nursing service, and complies with (a) or (b):

    (a) It mainly provides general inpatient medical care and treatment of sick and injured persons by the use of medical, diagnostic and major surgical facilities. All such facilities are in it or under its control.

    (b) It mainly provides specialized inpatient medical care and treatment of sick or injured persons by the use of medical and diagnostic facilities (including X-ray and laboratory). All such facilities are in it, under its control, or available to it under written agreement with a Hospital as defined above) or with a specialized provider of those facilities.

But Hospital does not include a nursing home. Neither does it include an institution, or part of one, which: (i) is used mainly as a place for convalescence, rest, nursing care or for the aged; or (ii) furnishes mainly homelike or custodial care, or training in the routines of daily living; or (iii) is mainly a school.

18. The Maximum Benefit Duration" under the policy defined as "to age 65"

    when Total Disability begins before the age of 65.

5

**Ms. Power's Claim for LTD Benefits**

19. Ms. Power presented a timely claim to Prudential, asserting that she is an insured person, that she became totally disabled while insured, and that she is entitled under the Plan to LTD benefits for the period of time beginning in March 2002, when Defendants wrongfully denied her benefits, and continuing thereafter without interruption through to the present, and continuing in the future until she reaches the age of 65 or is no longer either totally or partially disabled.

**Ms. Power's Disability**

20. Ms. Power is disabled as a result of the symptoms of Chronic Fatigue Syndrome, Irritable Bowel Syndrome and migraines.

21. Ms. Power's symptoms include overwhelming fatigue, migraines, insomnia, cognitive dysfunction, sore throats, swollen glands, and bowel dysfunction.

22. Ms. Power is unable to care for her children or her household. Ms. Power's husband is the primary caregiver for their children and takes care of their home.

23. Ms. Power's has attempted innumerable treatments in an effort to regain her functionality and to improve her health. In addition to traditional medical treatment, Ms. Power has attempted several alternative treatments, including without limitation colonics, acupuncture, massage therapy and chiropractic treatment. Ms. Power paid for the majority of these alternative treatments out of her own pocket.

24. At the time she became disabled, Ms. Power had just been promoted to a new position in corporate finance at Digital. Ms. Power was weeks away from beginning a Master's Degree Program.

### Social Security Disability Income Benefits

25. On or about March 13, 1991, Ms. Power was approved for SSDI benefits under a far more rigorous standard of disability than that which exists under the Plan. Ms. Power was awarded SSDI effective April 1989.

26. Specifically, the Social Security Administration ("SSA") requires a claimant to show an "inability to do any substantial gainful activity by reason of any medically determinable physical or medical impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months" in order to prove disability. 20 C.F.R. § 404.1505(a).

### Prudential's Denial of Ms. Power's Claim

27. On May 7, 2002, Prudential terminated Ms. Power's claim on the erroneous basis that Ms. Power is able to perform work in a sedentary to light occupation.

28. On June 1, 2002, Ms. Power's appealed Prudential's denial of her claim.

29. On August 28, 2002, Prudential upheld its denial of Ms. Power's claim, indicating that Ms. Power's ability to raise two children who were adopted during her disability is evidence of her ability to work.

30. Ms. Powers did not adopt children during the course of her disability.

31. Prudential also denied Ms. Power's claim on the basis that she attends concerts.

32. Ms. Power's does not attend concerts. Ms. Power's once brought her children to a concert on the town common, five minutes from her home in the summertime. Ms. Power remained lying on a blanket for the duration of the concert.

33. Prudential also denied Ms. Power's claim on the basis that she exercises at a gym.

34. At the time of Prudential's denial of her claim, Ms. Power had not exercised at the gym in approximately one year. When Ms. Power did exercise, it was in an effort to increase her functionality.

35. Ms. Power was forced to cease exercise because it exacerbated her migraine headaches.

36. Prudential's denial was also based on the lack of objective medical evidence of Ms. Power's disability.

37. Prudential also denied Ms. Power's claim on the basis that individuals do not suffer from Chronic Fatigue Syndrome for more than 10 years.

38. There is no medical evidence to support Prudential's claim that Chronic Fatigue Syndrome resolves after ten years.

39. Prudential based its denial of Ms. Power's claim on a selective reading of Ms. Power's medical records.

40. In late 2002, the Massachusetts Attorney General's office began representing Ms. Powers with respect to the receipt of her long-term disability benefits.

41. To date, Prudential has not responded to the efforts of the Attorney General's office to resolve this matter.

**Prudential's Review of Ms. Power's Claim**

42. Prudential's failure to render a determination on Ms. Power's claim for benefits within the timeframe proscribed by ERISA demonstrates that its claims procedure was unreasonable.

43. Ms. Power has exhausted her administrative remedies pursuant to 29 C.F.R. 2560.503-1(1).

44. Any discretion to which Prudential may claim it is entitled under the Plan is negated by its failure to provide Ms. Power with an explanation as to its adverse action and its failure to render a decision on Ms. Power's appeal within the time frames proscribed by ERISA and its implementing regulations.

45. Prudential has failed to meet the minimum requirements for the denial of Ms. Power's LTD benefits, in violation of ERISA, 29 U.S.C. 1133, which requires that upon a denial of benefits, the administrative review procedure must include adequate notice in writing setting forth the specific reasons for the denial of benefits and a reasonable opportunity for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

46. Prudential has also failed to meet the Plan requirements for review of claims that have been denied.

**Summary**

47. Ms. Power remains totally disabled to this day as a result of the debilitating symptoms of her conditions.

48. Ms. Power has exhausted her administrative remedies pursuant to 29 C.F.R. 2560.503-1(1).

49. The Defendants failed to provide Ms. Power with a full and fair review of her claim for benefits.

50. Any discretion to which Defendants may claim it is entitled under the Plan is negated by its failure to provide Ms. Power with an explanation as to its adverse action and a full and fair review of her claim for benefits.

51. The decision to deny Ms. Power's benefits was wrongful, unreasonable, irrational, contrary to the substantial evidence, contrary to the terms of the Plan and contrary to law.

52. Prudential was influenced by its financial conflict of interest, as both the administrator of the Plan and the payor of benefits thereunder, when it denied Ms. Power's benefits.

53. Due to the unlawful denial of benefits under ERISA, Ms. Power has been deprived of her rightful long-term disability benefits.

54. Ms. Power has also suffered emotional distress and an exacerbation of her physical condition as a result of Prudential's actions.

55. Due to the unlawful denial of benefits under ERISA, Ms. Power has lost the use of her long-term disability benefits.

56. Having exhausted the administrative procedures provided by the Defendants, Ms. Power now brings this action.

**FIRST CAUSE OF ACTION**
**(Enforcement of Terms of Plan**
**Action for Unpaid Benefits)**
**(ALL DEFENDANTS)**

57. Ms. Power realleges each of the paragraphs above as if fully set forth herein.

58. The Plan is a contract.

59. Ms. Power has performed all of her obligations under the contract.

60. 29 U.S.C. § 1132(a)(1)(B) states that:

    A civil action may be brought ---

    (1) by a participant or beneficiary –

    (A) for the relief provided for in subsection (c) of this section, or

    (B) to recover benefits due to him under the terms of her plan, to enforce her rights under the terms of the plan, or to clarify her rights to future benefits under the terms of the plan.

61. The Defendants' actions constitute an unlawful denial of benefits under ERISA, as provided in 29 U.S.C. § 1132(a)(1)(B).

62. The Defendants unlawfully denied Ms. Power's benefits in part by: (1) rejecting, without any basis, the substantial evidence supporting Ms. Power's claim for disability; and (2) denying Ms. Power a full and fair review of their decision to deny her benefits.

63. In accordance with 29 U.S.C. §1132, Ms. Power is entitled to be paid benefits under the Plan based upon her disabled status from and after May 2002, and continuing into the present.

64. The Defendants have refused to provide Ms. Power with these disability benefits and are, therefore, in breach of the terms of the Plan and ERISA, which requires that the Defendants engage in a full and fair review of all claims and the administration of the Plan in the best interests of the Plan participants.

65. As a direct and proximate result of this breach, Ms. Power has lost the principal and the use of her rightful LTD benefits.

## SECOND CAUSE OF ACTION
### (Attorneys' Fees and Costs)
### (ALL DEFENDANTS)

66. Ms. Power realleges each of the paragraphs above as if fully set forth herein.

67. Under the standards applicable to ERISA, Ms. Power deserves to recover "a reasonable attorney's fee and costs of the action" herein, pursuant to section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g).

68. The Defendants have the ability to satisfy the award.

69. Ms. Power's conduct of this action is in the interests of all participants who subscribe to the Plan, and the relief granted hereunder will benefit all such participants.

70. The Defendants acted in bad faith in denying Ms. Power her benefits under the Plan.

71. The award of attorneys' fees against the Defendants will deter others acting under similar circumstances.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that the Court:

(a) Declare, adjudge and decree that Ms. Power is entitled to ongoing LTD benefits as calculated under the terms of the Plan;

(b) Award Ms. Power the full amount of unpaid benefits under the Plan to which she is entitled, together with such pre-judgment interest as may be allowed by law;

(c) Order that the Defendants make restitution to Ms. Power in the amount of any losses sustained by Ms. Power in consequence of

the wrongful conduct alleged herein, together with prejudgment interest;

(d) Award Ms. Power the costs of this action and reasonable attorneys' fees; and

(e) Award such other relief as the court deems just and reasonable.

Dated: May 6, 2005                               Respectfully submitted for the Plaintiff,

By: _____
Mala M. Rafik
BBO No. 638075
ROSENFELD & RAFIK, P.C.
44 School Street, Suite 410
Boston, MA 02108
617-723-7470

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET  05-40069

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
KATHERINE POWER

### DEFENDANTS
PRUDENTIAL INSURANCE CO. OF AMERICA, DIGITAL EQUIP. CORP. GROUP LONG TERM DISABILITY PLAN, AKA HEWLETT-PACKARD GROUP LONG TERM DISABILITY PLAN

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Mala M. Rafik
Rosenfeld & Rafik, P.C.
44 School Street, Suite 410
Boston, MA 02108
(617) 723-7470

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- **X** 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / Med. Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce ICC Rates etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle / ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability / Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | **X** 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- **x** 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

The Plaintiff files this action under ERISA, 29 U.S.C. §1132(a) to recover disability benefits due her under her long-term disability plan administered by Prudential Insurance Company of America.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE 5-6-05

SIGNATURE OF ATTORNEY OF RECORD /s/ Mala Rafik

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

05-40069

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)    Katherine Power v. Prudential Insurance Company of America

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___   I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_   II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   ___   III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   ___   IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   ___   V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   N/A

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

   YES ☐    NO **X**

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

   YES ☐    NO **X**

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

   YES ☐    NO **X**

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

   YES ☐    NO **X**

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

   YES **X**    NO ☐

   A.   IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

        EASTERN DIVISION ☐    CENTRAL DIVISION ☐    WESTERN DIVISION ☐

   B.   IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

        EASTERN DIVISION ☐    CENTRAL DIVISION **X**    WESTERN DIVISION ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   MALA M. RAFIK
ADDRESS   ROSENFELD & RAFIK, P.C., 44 SCHOOL STREET, SUITE 410, BOSTON, MA 02108
TELEPHONE NO.   (617) 723-7470

(Catergory Form.wpd - 11/27/00)