# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **TERESA MCCOY,**<br>**Plaintiff,**<br><br>**v.**<br><br>**THE PRUDENTIAL INSURANCE**<br>**COMPANY OF AMERICA,**<br>**Defendant** | **C.A. NO. 05-11283NG** |

### DEFENDANT'S, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, ANSWER TO COMPLAINT

1.   Upon information and belief, the Defendant admits the allegations contained in this paragraph of the Complaint.

2.   The Defendant admits the allegations contained in this paragraph of the Complaint.

3.   This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant admits this is an ERISA action and denies the remainder of the allegations contained in paragraph 3 of the Complaint.

4.   Defendant admits that Plaintiff was an employee of State Street Bank and Trust Company when she filed claims for short and long term disability benefits and denies the remainder of the allegations contained in paragraph 4 of the Complaint.

5.   The Defendant admits the allegations contained in this paragraph of the Complaint.

6.   The Defendant admits the allegations contained in this paragraph of the Complaint.

7.   Defendant answers that benefits are payable under the Plan provided that all criteria contained in the Plan is met by the claimant.

8.   This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 8 of the Complaint.

9.   The Defendant denies the allegations contained in this paragraph of the Complaint.

10.   Defendant answers that Ms. McCoy has exhausted her administrative appeals and denies the remainder of the allegations contained in paragraph 10 of the Complaint.

11.   This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 11 of the Complaint.

12.   The Defendant denies the allegations contained in this paragraph of the Complaint...

13.   Defendant is without sufficient information to either admit or deny the truth of the allegations with regard to a MetLife policy and Defendant denies the remainder of the allegations contained in paragraph 13 of the Complaint.

14.   The Defendant denies the allegations contained in this paragraph of the Complaint.

<u>Count I</u>
<u>Benefits Due From Prudential</u>
<u>Under ERISA, 29 U.S.C. § 1132</u>

15. Defendant repeats and reavers its answers contained in paragraphs 1-14 and incorporates the same by reference as if fully set forth herein.

16. The Defendant denies the allegations contained in this paragraph of the Complaint.
17. The Defendant denies the allegations contained in this paragraph of the Complaint.
18. The Defendant denies the allegations contained in this paragraph of the Complaint.
19. The Defendant denies the allegations contained in this paragraph of the Complaint.

<u>Count II</u>
<u>Breach of Contract Against Prudential</u>
20. Defendant repeats and reavers its answers contained in paragraphs 1-19 and incorporates the same by reference as if fully set forth herein.
21. The Defendant admits the allegations contained in this paragraph of the Complaint.
22. The Defendant denies the allegations contained in this paragraph of the Complaint.

<u>Count III</u>
<u>Failure to Timely Provide Plan Document and SPD</u>

23. Defendant repeats and reavers its answers contained in paragraphs 1-22 and incorporates the same by reference as if fully set forth herein.
24. Defendant admits that requests for documents were made and denies the remainder of the allegations contained in paragraph 24 of the Complaint.
25. Since the statute quoted is a written document, it speaks for itself and no response is required.
26. The Defendant denies the allegations contained in this paragraph of the Complaint.

WHEREFORE, the Defendant requests the following relief:

1.    An order dismissing all claims against it;
2.    An award of all costs and attorneys' fees; and
3.    All further relief that the Court deems just and proper.

## **AFFIRMATIVE DEFENSES**

## **FIRST AFFIRMATIVE DEFENSE**

By way of affirmative defense, the plaintiff has failed to state a claim upon which relief can be granted.

51381.1

## SECOND AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that Prudential has fully performed its contractual duties owed to the Plaintiff and Plaintiff is estopped from asserting claims against Defendant.

## THIRD AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that Prudential's handling of Plaintiff's claims for short and long term disability benefits complied fully with terms and conditions of the long term disability coverage provided under the Plan.

## FOURTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the Defendant has complied with and performed all of its promises, obligations and duties to Plaintiff under the short and long term disability coverage provided under the Plan and handling of the Plaintiff's claim for Short and Long Term Disability benefits complied fully with terms and conditions of ERISA.

## FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the plaintiff is not entitled to disability benefits under the short and long term disability coverage provided under the Plan because she is not "totally disabled" as that phrase is defined in the Plan.

## SIXTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that Plaintiff's demand for attorney fees should not be granted because under ERISA 29 USC §1132(g) the defenses asserted by Prudential are reasonable and made in good faith.

## SEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that each and every act done or statement made by Prudential with reference to the Plaintiff was a good faith assertion of Prudential's rights and therefore was privileged and/or justified.

## EIGHTH AFFIRMATIVE DEFENSE

Pursuant to 29 USC §1132(g), Defendant is entitled to an award of its reasonable attorney fees incurred in defense of this matter.

51381.1

## NINTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that Defendant is not liable to Plaintiff for short or long term disability benefits.

## TENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Defendant reserves the right to assert additional defenses up to time of trial.

THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA,
By Its Attorneys,

/s/ Carey L. Bertrand
William T. Bogaert, BBO # 546321
Carey L. Bertrand, BBO# 650496
WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

## Certificate of Service

I, Carey Bertrand, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the NEF on March 17, 2006.

/s/ Carey Bertrand

51381.1