**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| **KATHERINE POWER,**<br>**Plaintiff**<br><br>**v.**<br><br>**PRUDENTIAL INSURANCE CO. OF**<br>**AMERICA & DIGITAL EQUIPMENT**<br>**CORP. GROUP LONG TERM**<br>**DISABILITY PLAN, aka HEWLETT-**<br>**PACKARD CO. GROUP LONG TERM**<br>**DISABILITY PLAN,**<br>**Defendants** | **C.A. No. 05-40069 FDS** |

### PRUDENTIAL INSURANCE COMPANY OF AMERICA'S ANSWER TO THE PLAINTIFF'S COMPLAINT

1.  As to the first sentence, it is introductory in nature, thus no response is required. As to the second sentence, admitted. As to the third sentence, admitted. As to the remaining allegations, unless otherwise admitted, denied.

2.  The allegations contained in paragraph 2 of the Complaint are introductory in nature, thus no response is required. To the extent a response is required, denied.

3.  The allegations contained in paragraph 3 of the Complaint are introductory in nature, thus no response is required. To the extent a response is required, denied.

### JURISDICTION

4.  The allegations contained in paragraph 4 call for a legal conclusion, thus no response is required. To the extent a response is required, denied.

### PARTIES

5.  As to the first sentence, the defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. As to the remainder, it calls for a legal conclusion for which no response is required. To the extent a response is required, denied.

54621.1

6. The defendant admits the allegations contained in paragraph 6 of the Plaintiff's Complaint.

7. The allegations contained in paragraph 7 call for a legal conclusion for which no response is required. To the extent a response is required, denied.

8. As to the first sentence Prudential answers that it issued an insurance policy for long term benefits and denies the remainder. Prudential admits the allegations contained in the second sentence of paragraph 8.

## STATEMENT OF FACTS

9. Prudential admits that Ms. Power was previously employed by Digital and denies the remainder of the allegations contained in paragraph 9 of the Plaintiff's Complaint.

10. The allegations contained in paragraph 10 call for a legal conclusion for which no response is required.

11. Prudential admits the allegations contained in paragraph 11 of the Plaintiff's Complaint.

12. Prudential denies the allegations contained in paragraph 12 of the Plaintiff's Complaint.

13. Prudential answers that a claimant is entitled to receive 60% of monthly earnings if all criteria of the policy are met and denies the remainder of the allegations contained in paragraph 13 of the Plaintiff's Complaint.

14. Prudential answers that the policy provides for the payment of LTD benefits when an insured person meets all the criteria contained in the policy. As to the remainder of the allegations, the policy being a written document speaks for itself thus no response is required. Prudential denies the allegations not otherwise admitted.

15. The policy being a written document speaks for itself, thus no response is required.

16. The policy being a written document speaks for itself, thus no response is required.

17. The policy being a written document speaks for itself, thus no response is required.

18. The policy being a written document speaks for itself, thus no response is required.

19. Prudential admits that Ms. Power presented a claim for benefits under the policy of insurance issued to Digital and denies the remainder of the allegations contained in paragraph 19 of the Plaintiff's Complaint.

20. Prudential denies the allegations contained in paragraph 20 of the Plaintiff's Complaint.

54621.1

21. Prudential admits that the record contains reports regarding Power's symptoms and answers that the record speaks for itself. Prudential denies the allegations not otherwise admitted.

22. Prudential is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of the Plaintiff's Complaint.

23. Prudential is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of the Plaintiff's Complaint.

24. Prudential is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the Plaintiff's Complaint.

25. Prudential admits that Power was approved for SSDA benefits and denies the remainder of the allegations contained in paragraph 25 of the Complaint.

26. Prudential is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the Plaintiff's Complaint.

27. Prudential admits that on May 7, 2002, it determined that Ms. Power did not meet the criteria of total disability and denies the remainder of the allegations.

28. Prudential admits the allegations contained in paragraph 28 of the Plaintiff's Complaint.

29. Prudential admits that it upheld its original decision on August 28, 2002 and further answers that the letter outlining Prudential's decision speaks for itself, thus no response is required. Prudential denies the remainder of the allegations.

30. Prudential is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30 of the Plaintiff's Complaint.

31. Prudential answers that its decision letter dated August 28, 2002 speaks for itself, thus no response thus no response is required and denies the remainder of the allegations.

32. Prudential is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30 of the Plaintiff's Complaint.

33. Prudential answers that its decision letter dated August 28, 2002 speaks for itself thus no response is required and denies the remainder of the allegations.

34. Prudential is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30 of the Plaintiff's Complaint.

35. Prudential is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30 of the Plaintiff's Complaint.

54621.1

36. Prudential answers that its decision letter dated August 28, 2002 speaks for itself, thus no response is required and denies the remainder of the allegations.

37. Prudential answers that its decision letter dated August 28, 2002 speaks for itself, thus no response is required and denies the remainder of the allegations.

38. Prudential denies the allegations contained in paragraph 38 of the Plaintiff's Complaint.

39. Prudential answers that its decision letter dated August 28, 2002 speaks for itself, thus no response is required and denies the remainder of the allegations.

40. Prudential admits the allegations contained in paragraph 40 of the Plaintiff's Complaint.

41. Prudential denies the allegations contained in paragraph 41 of the Plaintiff's Complaint.

42. Prudential denies the allegations contained in paragraph 42 of the Plaintiff's Complaint.

43. Prudential admits the allegations contained in paragraph 43 of the Plaintiff's Complaint.

44. Prudential denies the allegations contained in paragraph 44 of the Plaintiff's Complaint.

45. Prudential denies the allegations contained in paragraph 45 of the Plaintiff's Complaint.

46. Prudential denies the allegations contained in paragraph 46 of the Plaintiff's Complaint.

47. Prudential denies the allegations contained in paragraph 47 of the Plaintiff's Complaint.

48. Prudential answers that this allegation calls for a legal conclusion, thus no response is required. To the extent a response is required, denied.

49. Prudential denies the allegations contained in paragraph 49 of the Plaintiff's Complaint.

50. Prudential denies the allegations contained in paragraph 50 of the Plaintiff's Complaint.

51. Prudential denies the allegations contained in paragraph 51 of the Plaintiff's Complaint.

52. Prudential denies the allegations contained in paragraph 52 of the Plaintiff's Complaint.

53. Prudential denies the allegations contained in paragraph 53 of the Plaintiff's Complaint.

54. Prudential denies the allegations contained in paragraph 54 of the Plaintiff's Complaint.

55. Prudential denies the allegations contained in paragraph 55 of the Plaintiff's Complaint.

56. Prudential denies the allegations contained in paragraph 56 of the Plaintiff's Complaint.

54621.1

**FIRST CAUSE OF ACTION**
**(Enforcement of Terms of Plan Action for Unpaid Benefits)**
**(ALL DEFENDANTS)**

57. Prudential repeats and incorporates by reference herein the responses to paragraphs 1 – 56 of the Plaintiff's Complaint.

58. Prudential answers that this paragraph calls for a legal conclusion thus no response is required.   To the extent a response is required, denied.

59. Prudential answers that this paragraph calls for a legal conclusion thus no response is required.   To the extent a response is required, denied.

60. Prudential states that U.S.C.§  1132(a)(1)(B) is a regulation which speaks for itself.

61. Prudential denies the allegations contained in paragraph 61 of the Plaintiff's Complaint.

62. Prudential denies the allegations contained in paragraph 62 of the Plaintiff's Complaint.

63. Prudential denies the allegations contained in paragraph 63 of the Plaintiff's Complaint.

64. Prudential denies the allegations contained in paragraph 64 of the Plaintiff's Complaint.

65. Prudential denies the allegations contained in paragraph 65 of the Plaintiff's Complaint.

**SECOND CAUSE OF ACTION**
**(Attorney's Fees and Costs)**
**(ALL DEFENDANTS)**

66. Prudential repeats and incorporates by reference herein the responses to paragraphs 1 – 66 of the Plaintiff's Complaint.

67. Prudential states that Section 502(g)(1) of the ERISA and 29 U.S.C.§ 1132(g) are regulations that speak for themselves, therefore no response is required.  To the extent a response is required, denied.

68. Prudential denies the allegations contained in paragraph 68 of the Plaintiff's Complaint.

69. Prudential denies the allegations contained in paragraph 69 of the Plaintiff's Complaint.

54621.1

70. Prudential denies the allegations contained in paragraph 70 of the Plaintiff's Complaint.

71. Prudential denies the allegations contained in paragraph 71 of the Plaintiff's Complaint.

WHEREFORE, the Defendant requests the following relief:

1.    An order dismissing all claims against it;
2.    An award of all costs and attorneys' fees; and
3.    All further relief that the Court deems just and proper.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE

By way of affirmative defense, the plaintiff has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that Prudential has fully performed its contractual duties owed to the Plaintiff and Plaintiff is estopped from asserting claims against Defendant.

## THIRD AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that Prudential's handling of Plaintiff's claims for long term disability benefits complied fully with terms and conditions of the long term disability coverage provided under the policy.

## FOURTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the Defendant has complied with and performed all of its promises, obligations and duties to Plaintiff under the long term disability coverage provided by the policy and handling of the Plaintiff's claim for Long Term Disability benefits complied fully with terms and conditions of ERISA.

## FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the plaintiff is not entitled to disability benefits under the long term disability coverage provided under the policy because she is not "totally disabled" as that phrase is defined by the policy.

54621.1

## SIXTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that Plaintiff's demand for attorney fees should not be granted because under ERISA 29 USC §1132(g) the defenses asserted by Prudential are reasonable and made in good faith.

## SEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that each and every act done or statement made by Prudential with reference to the Plaintiff was a good faith assertion of Prudential's rights and therefore was privileged and/or justified.

## EIGHTH AFFIRMATIVE DEFENSE

Pursuant to 29 USC §1132(g), Defendant is entitled to an award of its reasonable attorney fees incurred in defense of this matter.

## NINTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that Defendant is not liable to Plaintiff for long term disability benefits.

## TENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Defendant reserves the right to assert additional defenses up to time of trial.

## ELEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Plaintiff has failed to exhaust administrative remedies pursuant to 29 CFR 2560.503-1.

## TWELVTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Defendant states Plaintiff is not entitled to restitution.

54621.1

**THIRTEENTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, Defendant states that any claim for bad faith is pre-empted

The Defendant,
PRUDENTIAL INSURANCE COMPANY
Of AMERICA,
By Its Attorneys,

/s/ Carey Bertrand
William T. Bogaert, BBO#546321
Carey L. Bertrand, BBO# 650496
Wilson, Elser, Moskowitz, Edelman
   & Dicker, LLP
155 Federal Street, 5th Floor
Boston, MA 02110
(617) 422-5300

Dated: March 24, 2006

**Certificate of Service**

I, Carey Bertrand, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the NEF on March 24, 2006.

/s/ Carey Bertrand

54621.1